UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WARREN MATTHEW GIDDINGS,

                      Plaintiff,

-against-

OANDA CORP., et al.,

                      Defendants.

21-CV-5251 (VSB)

ORDER OF SERVICE

VERNON S. BRODERICK, United States District Judge:

      Plaintiff Warren Matthew Giddings, who is currently incarcerated in the Maryland Correctional Training Center in the State of Maryland, brings this action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging that Defendants violated his rights under the Fifth Amendment's Due Process Clause by withholding and misdirecting his investment funds. Plaintiff sues Oanda Corp. ("Oanda"), the investment firm, and the Commodity Futures Trading Commission ("CFTC"). By order dated July 27, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

      As set forth below, the Court (1) dismisses all claims brought against CFTC, (2) construes the claim against the CFTC as a claim against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), and adds the United States as a Defendant, and (3) directs service on Defendants Oanda and the United States.

**STANDARD OF REVIEW**

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court

must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief.  *Id.*

## DISCUSSION

A. **Sovereign Immunity**

Under the doctrine of sovereign immunity, the CFTC is immune from suit.  The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against federal agencies, unless sovereign immunity has been waived.  *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

The Court therefore dismisses the CFTC under the doctrine of sovereign immunity.  *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

B. ***Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics***

To state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389). *Bivens* relief is available only against federal officials who are personally liable for the alleged constitutional violations.  *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017); *Turkmen v. Hasty*, 789 F3d 218, 233 (2d Cir. 2015).

The Supreme Court has recognized *Bivens* claims in three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971); (2) employment discrimination under the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and

(3) inadequate medical treatment of an inmate under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). *See Ziglar*, 137 S. Ct. at 1854-55. Under *Ziglar*, unless a *Bivens* claim bears some resemblance to one of the three types of *Bivens* claims previously recognized by the Supreme Court, a court must hold that the claim constitutes a new *Bivens* context. 137 S. Ct. at 1860. If the claim constitutes a new *Bivens* context, a court must conduct "a special factors analysis," *id.*, that is, it must determine "whether [it] is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing [such] a damages action to proceed," *id.* at 1857-58.

Here, Plaintiff cannot bring a *Bivens* action against a federal agency because such an action is inconsistent with the purpose of the *Bivens* remedy, which is to deter the federal officer. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994). Nor can Plaintiff bring a *Bivens* claim against an individual defendant because his claim does not appear to fall within any of the three recognized *Bivens* contexts, as the Supreme Court has not recognized a *Bivens* claim in the context where a federal employee fails to investigate a registered entity for withholding a claimant's investment funds. Moreover, as this claim does not implicate any of Plaintiff's constitutional rights, the Court concludes that such a claim cannot proceed under *Bivens*. The Court therefore dismisses Plaintiff's *Bivens* claims.

**C.      Federal Tort Claims Act**

The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). Therefore, the Court alternatively construes Plaintiff's claims against the CFTC as a claim brought against the United States under the FTCA.

*Rambarrat v. United States*, 347 F. Supp. 2d 6, 8 (S.D.N.Y. 2004) (noting that 28 U.S.C. § 2679(b)(1) provides "Government agencies and employees with absolute immunity against common-law tort claims that the United States be substituted as a defendant in their stead").

Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The Court therefore directs the Clerk of Court to add the United States as a defendant in this action.

**D.     Service on Defendants Oanda and the United States**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Oanda and the United States through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these defendants. The Clerk of Court is further instructed to (1) mark the box on the USM-285 forms labeled "Check for service on U.S.A.," for service on the United States; (2) issue summonses for the United States and Oanda; and (3) deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

Plaintiff's claims against the CFTC are dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

The Court directs the Clerk of Court, under Fed. R. Civ. P. 21, to add the United States as a defendant in this action.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff, together with an information package. The Clerk of Court is also instructed to issue summonses for Oanda and the United States, complete the USM-285 form with the addresses for Oanda and the United States, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court denies Plaintiff's motions for summary judgment as prematurely filed and denies his request to name additional defendants without prejudice to renew at a later stage. (Docs. 9, 10.)

SO ORDERED.

Dated: August 4, 2021
       New York, New York

_____
VERNON S. BRODERICK
United States District Judge

**DEFENDANTS AND SERVICE ADDRESS**

1. Oanda Corp. North American Sales
   1441 Broadway
   6 FL, Suite 6027
   New York, New York 10018

2. United States of America
   United States Attorney, Southern District of New York
   Civil Division
   86 Chambers Street, Third Floor
   New York, New York 10007

3. Attorney General of the United States
   United States Department of Justice
   950 Pennsylvania Avenue, N.W.
   Washington, D.C. 20530-0001

4. U.S. Commodity Futures Trading Commission
   Three Lafayette Centre
   1155 21st Street, NW
   Washington, DC 20581