```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/6/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WARREN MATTHEW GIDDINGS,

                Plaintiff,

       -against-

OANDA CORP., et al.,

                Defendants.

21-CV-5251 (VSB)

ORDER

<u>VERNON S. BRODERICK</u>, United States District Judge:

       Plaintiff Warren Matthew Giddings, who is currently incarcerated in the Maryland Correctional Training Center in the State of Maryland, brings this action alleging that Defendants violated his rights under the Fifth Amendment's Due Process Clause by withholding and misdirecting his investment funds. Plaintiff sued Oanda Corp. ("Oanda"), the investment firm, and the Commodity Futures Trading Commission ("CFTC").  By order dated July 27, 2021, I granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

       On August 4, 2021, I issued an order of service in which I (1) dismissed all claims brought against CFTC; (2) construed the claim against the CFTC as a claim against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), and added the United States as a Defendant; and (3) directed service on Defendants Oanda and the United States.  (Doc. 14.)  I also denied Plaintiff's motions for summary judgment as prematurely filed and denied his request to name additional defendants without prejudice to renew at a later stage. (*Id.*)

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Plaintiff has now filed a motion for leave to amend the pleadings, (Doc. 12), a motion to amend the defendants named, (Doc. 13), a motion to enter exhibits on the record, (Doc. 21), and a motion to reassign damages sought, (Doc. 25).  Additionally, Plaintiff has filed a notice of motion indicating that he is entitled by law to $900 million in punitive damages, (Doc. 17), a memorandum of law, (Doc. 18), an affidavit of additional facts, (Doc. 19), and a computation of lost profits, (Doc. 20).  Finally, he has filed an amended complaint and a motion for the Court to apply its full discretion in selectively applying claims to individual defendants.  (Docs. 22, 24).  In his amended complaint, Plaintiff appears to add certain claims, but does not add Max F. Brauer, the Maryland Assistant Attorney General, who Plaintiff seeks to add as a defendant in his motion to amend.  (*See* Docs. 12, 22.)

"A party may amend its pleading once as a matter of course within . . . 21 days after serving it."  Fed. R. Civ. P. 15(a)(1)(A).  "In all other cases, a party may amend its [complaint] only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Here, I issued an order of service on August 4, 2021 (Doc. 14), and a summons was issued for Oanada on August 5, 2021, (Doc. 15).  Based on the docket, it does not appear that service has been effectuated yet on Oanada or the United States.  Given that it appears that neither Defendant has been served yet, Plaintiff may amend his complaint.[2]  Plaintiff is directed to ensure that this amended complaint includes everything that Plaintiff hoped to change from his original complaint, as reflected by his many letters, and is warned that it is unlikely that he will have another opportunity to amend.  For

---

[2] I note that arguably an amendment as a matter of course may be improper because Plaintiff has already filed a document he titled "amended complaint."  (Doc. 22.)  Regardless, given the very early stage of this litigation and the liberal construction applicable to *pro se* pleadings, I find that leave to amend is appropriate.

clarity's sake, Plaintiff should title his forthcoming complaint as a "second amended complaint." Plaintiff is directed to file his second amended complaint by on or before November 5, 2021.

The Clerk of Court is respectfully directed to terminate the gavels pending at docket entries 12, 13, 21, 25, and mail a copy of this order to the pro se plaintiff.

SO ORDERED.

Dated:   October 6, 2021
         New York, New York

_____
VERNON S. BRODERICK
United States District Judge