```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
WARREN MATTHEW GIDDINGS,                                   :
                                                           :
                              Plaintiff,                   :
                                                           :    21-cv-5251 (VSB)
                -against-                                  :
                                                           :         ORDER
OANDA CORP., et al.,                                       :
                                                           :
                              Defendants.                  :
                                                           :
-----------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

I am in receipt of Plaintiff's Second Amended Complaint ("SAC") timely filed on October 29, 2021.  (Doc. 30.)  In addition to his claims against United States and Oanda Corp., Plaintiff brought new claims against Max Brauer, an assistant attorney general for Maryland.  (SAC 2).  Plaintiff requests me to (1) direct the Clerk to find United States and Oanda Corp. in default, if they have not filed response by November 5, 2021; (2) direct the Clerk to add Max Brauer as a defendant; (3) dismiss "any claims stated here that, on its face, do not appear consistent with the facts and evidence stated and presented in this matter;" (4) order subpoenas for "all persons needed to qualify the evidence submitted;" (5) deny Defendants' future attempts to exclude evidence; (6) order a "speedy, expedited trial;" and (7) deny Defendants' future claims of immunity, lack of jurisdiction, and failure to state a claim.  ("Requests 1–7.")  (SAC 4–5.)  Plaintiff also seeks punitive damages of $900 million and compensatory damages of $340,000.  (SAC 5.)

As for Request 1, it does not appear as if either Defendant Untied States or Defendant Oanda Corp. has been served.  Plaintiff has been granted permission to proceed *in forma*

*pauperis*, hence is entitled to rely on the Court and the U.S. Marshals Service to effect Service. (Doc. 14 at 5.) Pursuant to this Court's order of service dated August 4, 2021, the summons for the two Defendants should be served within 90 days of the date the summonses were issued. (*Id*.) If the complaint is not served within this time, Plaintiff can request an extension of time for service. (*Id*.) The summonses were issued August 5, 2021. (Doc. 15.) The deadline for the time of service is November 3, 2021. The appropriate action for Plaintiff to take now is to seek extension of time for service, not to seek default judgement against the two Defendants. Even if, as Plaintiff claims, "the facts [in the SAC] are largely in line with that of the initial complaint," (SAC 4), Defendants are not "put on notice," (*id*.), if they have not been served at all.

As to Request 2, it appears that the Clerk has already entered Max Brauer as a defendant.

Requests 3 and 7 appear to be related to Defendants' potential defenses against Plaintiff's claims; none of such defenses has been asserted yet. Similarly, Requests 4, 5, and 6 are related to discovery, which has not started yet. These requests are premature at this point.

Therefore, it is hereby ORDERED that Plaintiff's Requests 3–7 is hereby DENIED without prejudice to be renewed at appropriate stages later. The Clerk of Court is respectfully directed to add Brauer as a defendant in this action, and deliver all documents necessary to effect the service of the SAC to the U.S. Marshals Service. The Clerk of Court is further directed to mail a copy of this order to the pro se Plaintiff.

SO ORDERED.

Dated: November 8, 2021
      New York, New York

Vernon S. Broderick
United States District Judge