```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
                                                            :
WARREN MATTHEW GIDDINGS,                                    :
                                                            :
                                Plaintiff,                  :
                                                            :         21-cv-5251 (VSB)
              -against-                                     :
                                                            :              ORDER
OANDA CORP., et al.,                                        :
                                                            :
                                Defendants.                 :
                                                            :
------------------------------------------------------------X
```

<u>VERNON S. BRODERICK</u>, United States District Judge:

      I am in receipt of the motion for default judgment and the motion for the Court to appoint pro bono counsel, (Docs. 32, 34), filed by Plaintiff Warren Giddings on November 9, 2021.

      In determining whether to grant an application for counsel, the Court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam). As a threshold matter, in order to qualify for appointment of counsel, Plaintiff must demonstrate that his claim has substance or a likelihood of success. *See Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986). In reviewing a request for appointment of counsel, the Court must be cognizant of the fact that volunteer attorney time is a "precious commodity" and, thus, should not grant appointment of counsel indiscriminately. *Cooper*, 877 F.2d at 172. A more fully developed record will be necessary before it can be determined whether Plaintiff's chances of success warrant the appointment of counsel.

      Accordingly, it is hereby ORDERED that Plaintiff's application for the appointment of

counsel is denied without prejudice to renewal at such time as the existence of a potentially meritorious claim may be demonstrated, including after the close of discovery.  For more information on proceeding pro se in this District, Plaintiff should visit this webpage: https://nysd.uscourts.gov/prose?clinic= or contact the NYLAG Legal Clinic for Pro Se Litigants at 212-659-6190.

Further, as discussed in my order dated November 8, 2021, it is premature for Plaintiff to file motion for default judgement against the United States or against Oanda Corp, since neither Defendant has been served.  (Doc. 31.)  Therefore, Plaintiff's motion for default judgment filed on November 9, 2021, (Doc. 34), is hereby DENIED.

It is FURTHER ORDERED that Plaintiff shall provide with this Court the address of Defendant Max Brauer, so that service can be effected.  Plaintiff is reminded that failure to timely provide such address may result in dismissal of his claims against Defendant Brauer.

The Clerk is respectfully directed to send a copy of this order to the pro se Plaintiff.

SO ORDERED.

Dated: November 12, 2021
       New York, New York

*Vernon Broderick*

Vernon S. Broderick
United States District Judge