```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
WARREN MATTHEW GIDDINGS,                                   :
                                                           :
                         Plaintiff,                        :
                                                           :      21-cv-5251 (VSB)
            -against-                                      :
                                                           :          ORDER
OANDA CORP. et al.,                                        :
                                                           :
                         Defendant.                        :
                                                           :
-----------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

      I am in receipt of Plaintiff's "request for pro se office to add the enclosed document to this filing, and to confirm the retention of all other documents filed by plaintiff in this case, as well as to provide a copy of all those documents . . . to plaintiff." (Doc. 53.)

      While this request is addressed to the Pro Se Office—not the Court—the Pro Se Office has filed it on the public docket, as I previously advised Plaintiff that the Pro Se Office would do. (Doc. 44 ("Plaintiff should be aware that any documents Plaintiff sends to the Pro Se Office for filing are likely to be publicly filed on the docket.").) As such, copies of this request, and all of Plaintiff's documents (except for those that have been sealed), are publicly available on the docket if he wishes to access them again. As a courtesy, I will direct the Clerk of Court to mail pro se Plaintiff copies of all of his filings (including those that have been sealed). That said, as Plaintiff knows, (*see* Doc. 50), my Individual Rule 6(F) provides, "Counsel shall make certain that they have custody of all original exhibits." Plaintiff is advised not to send additional original documents to the Pro Se Office without retaining copies. Indeed, there is no need to send any exhibits at all to the Pro Se Office at this time.

I have ordered Plaintiff several times now to stop filing premature requests. (*See* Docs. 26, 31, 39, 44 & 47.) Until Defendants are served, any filing—except for a request for an extension of the deadline for the U.S. Marshals to effectuate service—will almost certainly be premature. If Plaintiff makes additional inappropriate requests, I may enter an order to show cause as to why I should not sanction Plaintiff for violating orders of the Court.

The Clerk of Court is respectfully directed to mail to the pro se plaintiff a copy of the docket sheet; copies of docket entries 1, 2, 4, 5, 6, 7, 9, 10, 12, 13, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27, 28, 30, 32, 33, 34, 35, 37, 38, 40, 43, 45, 46, 48, 49, 50, & 53; and a copy of this order.

SO ORDERED.

Dated: January 13, 2022
      New York, New York

*Vernon Broderick*

Vernon S. Broderick
United States District Judge