UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                              :
WARREN MATTHEW GIDDINGS,                      :
                                              :
                              Plaintiff,      :
                                              :                    21-cv-5251 (VSB)
                 -against-                     :
                                              :                    **ORDER**
OANDA CORP. et al.,                           :
                                              :
                              Defendant.      :
                                              :
-----------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

        I am in receipt of Plaintiff's motion for leave to add a claim of violation of the

Commodity Exchange Act ("CEA"), 7 U.S.C. §§ 1 *et seq.*, against all Defendants. (Doc. 76.)

Plaintiff has already amended his pleadings twice. (Docs. 22, 30.) In granting Plaintiff leave to

file a Second Amended Complaint, I directed Plaintiff "to ensure that this amended complaint

includes everything that Plaintiff hoped to change from his original complaint, as reflected by his

many letters," and I "warned" Plaintiff "that it is unlikely that he will have another opportunity

to amend." (Doc. 26, at 2.)

        A party may amend its pleading once as a matter of course. Fed. R. Civ. P. 15(a)(1).

Otherwise, a party may amend its pleading with the opposing party's written consent, or upon

leave of the court. Fed. R. Civ. P. 15(a)(2). "Leave to amend, though liberally granted, may

properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo

v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Forman v. Davis*, 371 U.S. 178,

182 (1962)).  The decision whether to grant leave to amend is within the sound discretion of the

District Court.  *See Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995).

"An amendment to a pleading is futile if the proposed claim could not withstand a

motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."  *Lucente v. IBM Corp.*, 310 F.3d 243,

258 (2d Cir. 2002).  "To determine whether granting leave to amend would be futile, [courts]

consider the proposed amendments and the original complaint."  *In re Trib. Co. Fraudulent*

*Conv. Litig.*, 10 F.4th 147, 175 (2d Cir. 2021); *see also J. Pub. Co. v. Am. Home Assur. Co.*, 771

F. Supp. 632, 635 (S.D.N.Y. 1991) ("[I]t is axiomatic that a court may not look beyond the face

of the complaint.")  An amendment can be futile if the claim to be added would be barred by the

applicable statute of limitations.  *Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000).

Plaintiff's proposed amendment would be futile.  In his Second Amended Complaint,

Plaintiff alleges that Defendant Oanda Corp. violated his rights by "withholding [his] investment

funds and failing to direct those funds as directed."  (Doc. 30 ("SAC").)  Plaintiff also alleges

that Defendant Max F. Brauer, assistant attorney general for Maryland, violated his rights by

"fail[ing] to respond to [Plaintiff] or investigate the matter."  (*Id.* at 2.)  Likewise, Plaintiff

alleges that Defendant United States "has failed to respond to [him], or investigate, or take any

action at all in this matter."  (*Id.*)  The elements of a CEA claim are "(1) the defendant possessed

an ability to influence market prices; (2) an artificial price existed; (3) the defendant caused the

artificial price; and (4) the defendant specifically intended to cause the artificial price."  *In re*

*Amaranth Nat. Gas Commodities Litig.*, 587 F. Supp. 2d 513, 530 (S.D.N.Y. 2008), *aff'd*, 730

F.3d 170 (2d Cir. 2013), and *aff'd*, 730 F.3d 170 (2d Cir. 2013).  Plaintiff has not alleged any

facts that would support a CEA claim against any of the Defendants, in either his Second

Amended Complaint or his motion for leave to amend.  Plaintiff's claims against Oanda Corp.

relate to Oanda Corp.'s alleged failure to manage Plaintiff's personal investment funds, not an

alleged scheme to manipulate markets generally.  Plaintiff's claims against Brauer and the

United States relate to their alleged failure to investigate his consumer complaints against Oanda

Corp.  Moreover, even if Plaintiff had a CEA claim, it would be barred by the applicable statute

of limitations.  CEA claims must be "brought not later than two years after the date the cause of

action arises."  7 U.S.C. § 25(c).  Plaintiff alleges that Defendants' wrongful conduct has been

occurring "for appx. 3 years."  (SAC 1.)

Accordingly, Plaintiff's motion for leave to add a claim is DENIED.  The Clerk of Court

is respectfully directed to terminate the gavel at Doc. 76 and to mail a copy of this order to pro se

Plaintiff.

SO ORDERED.

Dated:  April 13, 2022
        New York, New York

Vernon S. Broderick
United States District Judge