UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
           :
WARREN MATTHEW GIDDINGS,         :
           :
          Plaintiff,    :
           :        21-cv-5251 (VSB)
      -against-    :
           :        **ORDER OF SERVICE**
OANDA CORP. et al.,         :
           :
         Defendants.  :
           :
----------------------------------------------------------X

<u>VERNON S. BRODERICK</u>, United States District Judge:

      I am in receipt of pro se Plaintiff's motion asking me to (1) grant an order of alternative service on Defendant Oanda Corp. ("Oanda"), (2) compel Defendant United States to provide an address for Oanda pursuant to Rule 26 of the Federal Rules of Civil Procedure, and (3) grant Plaintiff leave to amend his complaint to add a claim of violations of 17 C.F.R. § 166.1–.5 against all Defendants. (Doc. 86 ("Pl.'s Mot"), at 7.) As set forth below, the Court denies Plaintiff's motion in its entirety, and directs service on Oanda at 17 State Street, Suite 300, New York, NY 10004.

**I.    Factual Background**

      This is a Federal Tort Claims Act case against Defendants Oanda, the United States, and Max F. Brauer. Plaintiff filed this action on June 11, 2021, along with a request to proceed in forma pauperis ("IFP"). (Docs. 1 & 2.) Plaintiff's IFP request was granted on July 27, 2021. (Doc. 8.) On August 4, 2021, I directed the Clerk of Court to "issue summonses for Oanda and the United States, complete the USM-285 form with the addresses for Oanda and the United States, and deliver all documents necessary to effect service to the U.S. Marshals Service."

(Doc. 14, at 6.) *See also* Fed. R. Civ. P. 4(c)(3) (requiring the court to order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). The summonses were issued on August 5, 2021. (Doc. 15.) The service address listed for "Oanda Corp. North American Sales" was "1441 Broadway, 6 FL, Suite 6027, New York, New York 10018." (Doc. 14, at 8; Doc. 15, at 3.) On or about April 13, 2022, the U.S. Marshals Service advised the Court that the marshals tasked with serving Oanda had been unable to locate Oanda at that address. (*See* Doc. 79.) Accordingly, I ordered Plaintiff to "provide this Court the address of Defendant Oanda Corp., so that service can be effected." (*Id.*)

## II.     Alternative Service

Plaintiff represents that he "will immediately get to work to find alternative addresses for 'Oanda Corp,' in compliance with [the] Court's Order." (Pl.'s Mot. 1.) However, Plaintiff also requests "alternative service." (*Id.* at 2.) Plaintiff states that he "believe[s]" that the Court received Oanda's current address from www.oanda.com, and Plaintiff implies that Oanda is engaged in "[t]he apparent 'act' of holding false addresses 'out to the public' (constantly over multiple years)," which Plaintiff says is "breaking State and Federal Law." (*Id.* at 4, 5.) Plaintiff argues that "[a]n 'Alternative Service' (public service) is sufficient to notify 'Oanda Corp' of the suit against them" and that "Plaintiff certainly shouldn't bear the burden of 'Defendant, Oanda Corp.'s' 'skirting' of federal regulatory requirements and state laws." (*Id.* at 5.)

Rule 4(h)(1) of the Federal Rules of Civil Procedure provides for service of process on a corporation in a judicial district of the United States "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," or by completing service of process according to the laws of the state where the district court is located. Fed. R. Civ. P. 4(h)(1).

New York law provides for service by personal delivery; substitute service and mailing; service to an agent; and service by affixing to the door followed by mailing. *See* N.Y. C.P.L.R. §§ 308(1)–(4). Where these methods prove "impracticable," service may be made "in such manner as the court, upon motion without notice, directs." *Id.* § 308(5). "[T]he impract[icability] standard is not capable of easy definition," *Safadjou v. Mohammadi*, 964 N.Y.S.2d 801, 802 (App. Div. 4th Dep't 2013), and "[t]he meaning of 'impracticability' depends upon the facts and circumstances of the particular case," *Fortunato v. Chase Bank USA, N.A.*, No. 11 Civ. 6608(JFK), 2012 WL 2086950, at *1 (S.D.N.Y. June 7, 2012) (quoting *S.E.C. v. HGI, Inc.*, No. 99 Civ. 3866(DLC), 1999 WL 1021087, at *1 (S.D.N.Y. Nov. 8, 1999)). However, "[i]n general, a plaintiff must make some showing that the other prescribed methods of service could not be made." *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 117 (S.D.N.Y. 2010) (internal quotation marks omitted). "Once the impracticability standard is satisfied, due process requires that the method of service be reasonably calculated, under all the circumstances, to apprise the defendant of the action." *Safadjou*, 964 N.Y.S.2d at 803 (internal quotation marks omitted); *see also Contimortgage Corp. v. Isler*, 853 N.Y.S.2d 162, 164 (App. Div. 2d Dep't 2008).

Plaintiff has not argued that other prescribed methods of service have all proven impracticable. *See* N.Y. C.P.L.R. §§ 308(5). Nor has Plaintiff suggested what alternative form of service would be more effective (except to the extent that Plaintiff asks me to compel the United States to provide an additional address for Oanda, discussed *infra*). I also have no reason to believe that Oanda has unlawfully held a false address out to the public. Because Plaintiff has provided no basis for me to grant an order allowing alternative service, and no explanation of what alternative service Plaintiff seeks, Plaintiff's request is DENIED.

Plaintiff should be able to serve Oanda at its business address.  Plaintiff alleges in his Second Amended Complaint that Oanda violated his rights by "withholding [his] investment funds and failing to direct those funds as directed, without reason, for appx. 3 years, despite [his] constant pleas."  (Doc. 30 ("SAC"), at 1.)  In other words, Plaintiff essentially alleges that he has repeatedly contacted Oanda.  Therefore, it stands to reason that Plaintiff has contact information for Oanda.  Plaintiff requests that the "Court provide Plaintiff with enough time to research and provide Court with the information [the] Court requested."  (Pl.'s Mot. 1.)  Accordingly, on or before June 1, 2022, Plaintiff is directed to provide the Court any information he has regarding Oanda's address(es).

Plaintiff also argues that "Plaintiff has acted in 'good faith' in properly trying to have 'Oanda Corp.' served at their listed official address for appx. 4–6 months, and would be greatly prejudiced if [the] Court placed the burden on Plaintiff, with regard to Defendant, 'Oanda Corp.'"  (Pl.'s Mot. 5.)  However, since Plaintiff has chosen to bring this lawsuit, he does bear the burden of notifying Defendants of his claims against them.  *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)."); *see also Henderson v. United States*, 517 U.S. 654, 672 (1996) ("[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections.").  Although Plaintiff, proceeding IFP, is entitled to rely on the U.S. Marshals Service to effect service, *see, e.g.*, *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013), ensuring that the Marshals complete service of all Defendants is ultimately Plaintiff's responsibility.  *See, e.g.*, *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (affirming the dismissal of a pro se plaintiff's case because she failed to request an extension of time for the Marshals to effect service); *cf.*

*Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) ("When a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." (internal quotation marks omitted).)

All of that said, the Second Circuit has also held that district courts are obligated to help pro se litigants identify defendants for service of process, "particularly so where the plaintiff is incarcerated, and is thus unable to carry out a full pre-trial investigation." *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997) ("It is a general principle of tort law that a tort victim who cannot identify the tortfeasor cannot bring suit. This rule has been relaxed, however, in actions brought by *pro se* litigants." (internal citation omitted)). I find that Oanda's address is listed online as "17 State Street, Suite 300, New York, NY 10004." *See* Our Offices, Oanda.com, https://www.oanda.com/group/culture/our-offices/ (last visited May 5, 2022).[1] To allow Plaintiff to effect service on Oanda through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Oanda and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Oanda at 17 State Street, Suite 300, New York, NY 10004. If Plaintiff provides any additional address(es), I will issue another order directing service there as well.

### III. Expedited Discovery

Second, Plaintiff asks me to order "that Defendant, 'United States' provide the appropriate location of their 'Registrant'—'Oanda Corp,' pursuant to Fed. R. Civ. P., on 'Initial Disclosures.'" (Pl.'s Mot. 2.) Plaintiff argues that "it is reasonable for [the] Court to Order Defendant, 'United States' to comply with Fed. R. Civ. P. 'Rule on Initial Disclosures' and

---

[1] The previous address at which the U.S. Marshals attempted service is listed on a different page on www1.oanda.com. *See* Global Offices, Oanda.com, https://www1.oanda.com/resources/about/contact/global-offices (last visited May 5, 2022).

provide an accurate location for the service on Defendant, 'Oanda Corp.'" because the Government has "more detailed information on the location of 'Oanda Corp.' than [Plaintiff] could ever find on [his] own." (*Id.* 2–3.)

A party generally may not seek discovery from any source before the parties meet and confer as required by Federal Rule of Civil Procedure 26(f). However, a party may seek discovery before the Rule 26(f) conference if the court so orders. *See* Fed. R. Civ. P. 26(d)(1). "Courts in this district have applied a 'flexible standard of reasonableness and good cause' in determining whether to grant a party's expedited discovery request." *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (quoting *Ayyash v. Bank Al–Madina*, 233 F.R.D. 325, 326–27 (S.D.N.Y. 2005)).

Plaintiff's request for initial disclosures is premature. Since the parties have not yet conferred pursuant to Rule 23(f), Plaintiff may not seek expedited discovery without a court order. *See* Fed. R. Civ. P. 26(d)(1). Plaintiff has not shown good cause for me to issue such an order. Moreover, since the Court is already assisting Plaintiff in locating Oanda, Plaintiff's request for assistance from the United States is moot. Accordingly, Plaintiff's motion for an order directing the United States to provide an address for Oanda pursuant to Rule 26 of the Federal Rules of Civil Procedure is DENIED.

## IV. Leave to Amend

Lastly, Plaintiff moves for leave to amend his complaint to add a claim of violations of 17 C.F.R. § 166.1–.5 against all Defendants. (Pl.'s Mot 2, 4, 5–7.)[2] As I previously mentioned in denying Plaintiff's earlier motion for leave to amend his pleadings, (Doc. 78 (denying

---

[2] In some places, Plaintiff references 17 C.F.R. § 166.1–.5, and in others, he references 17 C.F.R. § 1666.1–.5. Since 17 C.F.R. § 1666.1–.5 does not exist, but 17 C.F.R. § 166.1–.5 concerns regulations under the Commodity Exchange Act, I construe all references to refer to 17 C.F.R. § 166.1–.5.

Plaintiff's motion for leave to amend at Doc. 76)), Plaintiff has already amended his pleadings twice, (*see* Docs. 22, 30). In granting Plaintiff leave to file a Second Amended Complaint, I directed Plaintiff "to ensure that this amended complaint includes everything that Plaintiff hoped to change from his original complaint, as reflected by his many letters," and I "warned" Plaintiff "that it is unlikely that he will have another opportunity to amend." (Doc. 26, at 2.)

A party may amend its pleading once as a matter of course. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend its pleading with the opposing party's written consent, or upon leave of the court. Fed. R. Civ. P. 15(a)(2). "Leave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). The decision whether to grant leave to amend is within the sound discretion of the district court. *See Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995).

"An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). "To determine whether granting leave to amend would be futile, [courts] consider the proposed amendments and the original complaint." *In re Trib. Co. Fraudulent Conv. Litig.*, 10 F.4th 147, 175 (2d Cir. 2021); *see also J. Pub. Co. v. Am. Home Assur. Co.*, 771 F. Supp. 632, 635 (S.D.N.Y. 1991) ("[I]t is axiomatic that a court may not look beyond the face of the complaint.") An amendment can be futile if the claim to be added would be barred by the applicable statute of limitations. *Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000).

Plaintiff previously sought leave to add a claim of violation of the Commodity Exchange

Act ("CEA"), 7 U.S.C. §§ 1–23, against all Defendants. (Doc. 76.) I denied Plaintiff's motion as futile, for two reasons. First, Plaintiff "has not alleged any facts that would support a CEA claim against any of the Defendants, in either his Second Amended Complaint or his motion for leave to amend." (Doc. 78, at 2.) Second, "even if Plaintiff had a CEA claim, it would be barred by the applicable statute of limitations." (*Id.* at 3.) *See* 7 U.S.C. § 25(c) ("Any [ ] action shall be brought not later than two years after the date the cause of action arises."); (SAC 1 (alleging that Defendants' wrongful conduct has been occurring "for appx. 3 years")).

Plaintiff now moves for leave to add a claim of violations of 17 C.F.R. § 166.1–.5 against all Defendants. However, 17 C.F.R. § 166.1–.5 is simply a set of regulations promulgated by the Commodity Futures Trading Commission ("CFTC") to enforce the CEA. Because Plaintiff's motion to add a CEA claim is futile, his motion to add a claim pursuant to the CEA's regulations is futile as well, for the same reasons. *See Camelart Ltd. v. StoneX Grp. Inc.*, No. 20-CV-7707, 2021 WL 2311967, at *7 n.6 (N.D. Ill. June 7, 2021) (holding that the plaintiff's claims under 17 C.F.R. § 166.2 were "rejected for the same reasons [plaintiff] has failed to state a claim under the CEA"); *see also Bartels v. Clayton Brokerage Co. of St. Louis*, 631 F. Supp. 442, 446 (S.D.N.Y. 1986) (finding that "the plaintiffs' claim is brought under section 4b of the CEA" and therefore "the plaintiffs' allegations of CFTC rule violations are merely evidence of their section 4b claim").

For completeness, I will still address Plaintiff's new arguments regarding the CEA regulations. Specifically, Plaintiff's inference that Oanda is "holding false addresses 'out to the public'" based on Plaintiff's "belie[f]" that the Court obtained Defendant's address from Defendant's website, (Pl.'s Mot. 4), does not amount to a plausible allegation that Oanda is violating § 166.4, which requires that each registrant "use the name of the firm of which it is a

8

branch for all purposes, and . . . hold itself out to the public under such name," and does not concern addresses. 17 C.F.R. § 166.4. Likewise, § 166.5 is not about customers being "denied . . . forums that 'exist for the resolution of commodity disputes,'" (Pl.'s Mot. 6), but about rules governing arbitration agreements between registrants and customers. 17 C.F.R. § 166.5(c) ("No Commission registrant shall enter into any agreement or understanding with a customer in which the customer agrees, prior to the time a claim or grievance arises, to submit such claim or grievance to any settlement procedure except as follows."). Simply, Plaintiff has not plausibly alleged a cause of action under 17 C.F.R. § 166.1–.5. Accordingly, Plaintiff's motion for leave to add a claim is DENIED.

## V. Conclusion

For the foregoing reasons, Plaintiff's motion at Doc. 86 is DENIED.

The Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Oanda and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Oanda at 17 State Street, Suite 300, New York, NY 10004.

On or before June 1, 2022, Plaintiff is hereby ORDERED to provide the Court any information he has regarding Oanda's address(es), including but not limited to whether he has reason to believe that 17 State Street, Suite 300, New York, NY 10004 is a correct address.

Since the U.S. Marshals have not yet effected service, the Court extends the time to serve Oanda Corp. an additional 45 days, to July 18, 2022. *See* Fed. R. Civ. P. 4(m). If the U.S. Marshals cannot effect service by that date, Plaintiff should request an additional extension of time for service.

The Clerk of Court is respectfully directed to terminate the motion at Doc. 86 and mail a

copy of this order to pro se Plaintiff.

SO ORDERED.

Dated: May 6, 2022
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge