UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WARREN MATTHEW GIDDINGS,

                        Plaintiff,

          -against-

OANDA CORP. et al.,

                      Defendants.
------------------------------------------------------------X

21-CV-5251 (VSB)

**ORDER**

VERNON S. BRODERICK, United States District Judge:

      I am in receipt of pro se Plaintiff's emergency motion for preliminary injunction. (Doc. 96.) Because Plaintiff has failed to show he would suffer irreparable harm in the absence of the relief he seeks, Plaintiff's request is DENIED.

## I.   Factual Background

      This is a Federal Tort Claims Act case against Defendants Oanda Corp. ("Oanda"), the United States, and Max F. Brauer ("Brauer"). Plaintiff initiated this action on June 11, 2021, along with a request to proceed in forma pauperis ("IFP"). (Docs. 1 & 2.) Plaintiff's IFP request was granted on July 27, 2021. (Doc. 8.) Plaintiff has since amended his pleadings twice. (Docs. 22, 30.) In the operative complaint, Plaintiff alleges that Oanda violated his rights by "withholding [his] investment funds and failing to direct those funds as directed." (Doc. 30, at 1.) Plaintiff also alleges that Brauer, assistant attorney general for Maryland, violated his rights by "fail[ing] to respond to [Plaintiff] or investigate the matter." (*Id.* at 2.) Likewise, Plaintiff alleges that the United States "has failed to respond to [him], or investigate, or take any action at all in this matter." (*Id.*)

To date, no affidavit of service has been filed for Oanda. On August 4, 2021, I directed the Clerk of Court to "issue summonses for Oanda and the United States, complete the USM-285 form with the addresses for Oanda and the United States, and deliver all documents necessary to effect service to the U.S. Marshals Service." (Doc. 14, at 6.) *See also* Fed. R. Civ. P. 4(c)(3) (requiring the court to order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). The summonses were issued on August 5, 2021. (Doc. 15.) The service address listed for "Oanda Corp. North American Sales" was "1441 Broadway, 6 FL, Suite 6027, New York, New York 10018." (Doc. 14, at 8; Doc. 15, at 3.) On or about April 13, 2022, the U.S. Marshals Service advised the Court that the marshals tasked with serving Oanda had been unable to locate Oanda at that address. (*See* Doc. 79.) Accordingly, I ordered Plaintiff to "provide this Court the address of Defendant Oanda Corp., so that service can be effected." (*Id.*) On April 22, 2022, Plaintiff moved for alternative service on Oanda, (Doc. 86), which I denied, (Doc. 91). However, consistent with my obligation to help pro se litigants identify defendants for service of process, *see Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997), I found Oanda's address listed online as "17 State Street, Suite 300, New York, NY 10004," and I ordered service upon that address. (Doc. 91.)

On June 14, 2022, Plaintiff filed the instant motion, which was docketed on June 22, 2022. (Doc. 96.)[1] Plaintiff explains that he wrote to Oanda's address provided in my order of May 6, 2022, and "included a trade authorization for BUY 50,000 units of EUR/USD at market." (*Id.* at 1.) Plaintiff "ha[s] not heard from Oanda on this latest authorization." (*Id.*) Plaintiff claims he is "irrepairably [sic] harmed" because "although the invasion of Ukraine bought [Plaintiff] a little time, the market approaching parity meant that [his] time was up, the event was

---

[1] A prisoner's filings are deemed filed on the date they are delivered to prison officials for mailing. *See Hodge v. Greiner*, 269 F.3d 104, 106 (2d Cir. 2001).

fully priced in, and therefore, [he] need[ed] to act now." (*Id.*)  Plaintiff also argues Oanda is "liable for 'false and misleading representations' regarding their office locations or 'negligent misrepresentation' of the same, resulting in major financial harm," as well as 'a full Due Process violation regarding [Plaintiff's] property interest." (*Id.*)  Plaintiff moves for "an immediate preliminary injunction, compelling Defendants to FOLLOW-THROUGH (place trade order per [his] trade authorization [he] sent to them)." (*Id.*)  Plaintiff included charts to support his claims. (*Id.* at 2–3.)

## II. Discussion

To obtain a preliminary injunction, a moving party must demonstrate: "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *MyWebGrocer, LLC v. Hometown Info., Inc.*, 375 F.3d 190, 192 (2d Cir. 2004) (citation omitted).  When a party seeks a "mandatory" injunction—"i.e.," an injunction that "will alter, rather than maintain, the status quo"—that party "must show a 'clear' or 'substantial' likelihood of success." *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24–25 (2d Cir. 2004) (*Tom Doherty Assocs., Inc. v. Saban Ent.*, Inc., 60 F.3d 27, 34 (2d Cir. 1995)).

"[A]n irreparable injury is an injury that is not remote or speculative but actual and imminent, . . . for which a monetary award cannot be adequate compensation," *Dexter 345 Inc. v. Cuomo*, 663 F.3d 59, 63 (2d Cir. 2011) (internal quotation marks omitted), and which cannot be remedied "if a court waits until the end of trial to resolve the harm," *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (citation omitted).  "Irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Sterling v.*

*Deutsche Bank Nat'l Tr. Co. as Trs. for Femit Tr. 2006-FF6*, 368 F. Supp. 3d 723, 727 (S.D.N.Y. 2019) (quoting *Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005)). "Thus, if a party fails to show irreparable harm, a court need not . . . address the remaining elements." *Coscarelli v. ESquared Hosp. LLC*, 364 F. Supp. 3d 207, 221 (S.D.N.Y. 2019).

Plaintiff cannot show an irreparable injury. "[I]t has always been true that irreparable injury means injury for which a monetary award cannot be adequate compensation and that where money damages is adequate compensation a preliminary injunction will not issue." *Jackson Dairy, Inc. v. H. P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979); *see also World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 161 (2d Cir. 2012) ("The district court correctly concluded [the plaintiff] did not suffer irreparable harm. . . . There is no question that [the plaintiff's] injuries are compensable with money damages."). Plaintiff is only alleging "financial harm." (Doc. 96, at 1.) Simply, if Plaintiff ultimately succeeds on his claims, money damages will compensate for his loss.

I also have serious questions about whether Plaintiff could meet the "'substantial' likelihood of success" showing that is his burden here. *See Sunward Elecs.*, 362 F.3d at 24. However, I need not address that issue since Plaintiff has failed to show irreparable harm. *Coscarelli*, 364 F. Supp. 3d at 221.

### III.   Conclusion

I have ordered Plaintiff many times now to stop filing meritless requests. (*See* Docs. 26, 31, 39, 44, 47, 54, 61.) I have advised Plaintiff that "[u]ntil Defendants are served, any filing—except for a request for an extension of the deadline for the U.S. Marshals to effectuate service—will almost certainly be premature." (Doc. 54.) I also once ordered Plaintiff to show cause why I should not impose sanctions for Plaintiff's failure to abide by my court orders. (Doc. 61.) I

subsequently vacated the show-cause order on the recognition that "mail delivery is delayed, and Plaintiff does not receive my orders until some time after I issue them." (Doc. 64.) Nevertheless, I directed Plaintiff "to refrain from sending additional requests (except for extension requests) until all Defendants are served, and to continue familiarizing himself with the process of litigation." (*Id.*) I reiterate now that Plaintiff must refrain from sending unnecessary requests, except for extension requests, and that I may still sanction Plaintiff if he files additional frivolous motions.

For the foregoing reasons, Plaintiff's motion at Doc. 96 is DENIED. The Clerk of Court is respectfully directed to terminate the motion at Doc. 96 and mail a copy of this order to pro se Plaintiff.

SO ORDERED.

Dated: June 24, 2022
New York, New York

                                        Vernon S. Broderick
                                        United States District Judge