UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
            :
WARREN MATTHEW GIDDINGS        :
            :
           Plaintiff,  :
            :      21-CV-5251 (VSB)
     - against -     :
            :      **OPINION & ORDER**
            :
UNITED STATES; OANDA          :
CORPORATION; MAX F. BRAUER,      :
            :
          Defendants.  :
            :
------------------------------------------------------- X

Appearances:

Warren Matthew Giddings
*Pro se Plaintiff*

Nicholas Liotta (New York, NY)
David Stagman (Chicago, IL)
Katten Muchin Rosenman, LLP
*Counsel for Defendant Oanda Corp*

Brandon Herbert Cowart
United States Attorney's Office, Southern District of New York
New York, NY
*Counsel for Defendant United States*

Justin E. Fine
Office of the Attorney General - State of Maryland
Baltimore, MD
*Counsel for Defendant Max F. Brauer*

VERNON S. BRODERICK, United States District Judge:

      Before me are the following motions: (1) to dismiss the second amended complaint filed by Defendant Max F. Brauer ("Brauer") pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), and (6), (Doc. 67); (2) to dismiss the second amended complaint filed by Defendant United

States of America (the "Government") pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), (Doc. 80); and (3) to dismiss the second amended complaint filed by Defendant Oanda Corporation ("Oanda") pursuant to Federal Rule of Civil Procedure 12(b)(6), (Doc. 130). Because I do not have subject matter jurisdiction over the claims against Brauer or the Government, their motions to dismiss are GRANTED. Additionally, because Plaintiff has failed to state a claim against Oanda, Oanda's motion to dismiss is GRANTED.

## I. Factual Background[1]

Plaintiff alleges that Oanda withheld Plaintiff's investment funds and failed to direct those funds as directed for approximately three years. (Doc. 30, "SAC," at 2.) When Plaintiff sought relief through the Consumer Protection Agency, he was referred to Brauer, an assistant attorney general for Maryland. (Doc. 22 at 2.) Brauer took Plaintiff's complaint but failed to respond to him or investigate the matter for over a year and a half. (*Id.*) Plaintiff has also sought assistance from the Government, but the Government also failed to respond, investigate, or take any action. (*Id.*) Plaintiff claims that this action ended up causing him "over $90,000 in lost income overall." (Doc. 2 at 5.)

## II. Procedural History

On June 11, 2021, Plaintiff commenced this action against Oanda and the United States Commodity Futures Trading Commission (the "CFTC"). (Doc. 2.) On August 4, 2021, I sua

---

[1] The facts set forth herein are taken from the allegations contained in Plaintiff's complaint, amended complaint, and second amended complaint. (Docs. 2, 22, 30.) Typically, "[a]n amended complaint completely replaces the original complaint." *Jarecke v. Hensley*, No. 3:07-CV-1281JCH, 2007 WL 4800718, at *1 (D. Conn. Dec. 27, 2007); *see also Arce v. Walker*, 139 F.3d 329, 332 n. 4 (2d Cir. 1998) (citing *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). However, in light of Plaintiff's pro se status, I also consider and accept as true the facts alleged in Plaintiff's earlier-filed complaints. *See Norman v. City of New York,* No. 20-CV-5560-LTS, 2022 WL 3354707, at *2 (S.D.N.Y. Aug. 12, 2022); *Anderson v. AlClear, LLC,* No. 18CV1525BMCRML, 2018 WL 2976743, at *1 (E.D.N.Y. May 14, 2018); *see also Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). However, my reference to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

sponte substituted the Government for the CFTC. (Doc. 14.) On August 31, 2021, Plaintiff filed an "affidavit of additional facts." (Doc. 19.) On September 8, 2021, Plaintiff filed his first amended complaint. (Doc. 22.) On October 29, 2021, Plaintiff filed his second amended complaint, which accused the Government and Brauer of violating Plaintiff's "rights under the Fifth and Fourteenth Amendments by withholding [his] investment funds and failing to direct those funds as directed." (SAC 1.) Plaintiff also brings claims under 28 U.S.C. § 1346(b)(1) against the Government, and claims of negligent infliction of emotional distress, tortious interference with business relations, intentional infliction of emotional distress, unfair business practices, negligence, gross negligence, legal malpractice, equal protection, breach of fiduciary duty or duty of good faith, breach of duty of care, and "any other claim which plaintiff previously stated which is not stated here, and which Court finds it would be in the interest of justice to add" against all defendants. (*Id.* 2–3.)

On March 7, 2022, Brauer filed a motion to dismiss the second amended complaint. (Doc. 67.) On March 22, 2022, Plaintiff submitted his opposition to Brauer's motion to dismiss. (Doc. 72.) On March 29, 2022, Brauer filed his reply. (Doc. 74.) On April 13, 2022, Plaintiff filed a sur-reply. (Doc. 77.) Because prior leave to file a sur-reply was not granted, Plaintiff's sur-reply is not considered in connection with this motion.

On April 22, 2022, the Government filed its motion to dismiss the second amended complaint. (Doc. 81.) On May 3, 2022, Plaintiff filed an opposition to the Government's motion. (Doc. 87.) On May 5, 2022, Plaintiff filed a supplemental brief in opposition to the Government's motion to dismiss, (Doc. 89), and a "motion to stay or reconsider judgment of Defendant United States' motion to dismiss, if necessary," (Doc. 90). On August 10, 2022, Plaintiff filed another supplemental brief in opposition to the Government's motion to dismiss.

3

(Doc. 100.) On August 12, 2022, the Government sought leave to respond to Plaintiff's supplemental opposition, (Doc. 101), which I granted, (Doc. 102). On August 26, 2022, the Government filed its supplemental response. (Doc. 103.) On September 13, 2022, Plaintiff sought leave to file a reply to the Government's supplemental response, (Doc. 107,) which I denied, (Doc. 108). On November 9, 2022, Plaintiff filed another motion for leave to respond to the Government's supplemental response, (Doc. 115), which I denied again on November 10, 2022, (Doc. 116).

On December 12, 2022, Plaintiff filed a motion for default judgment against Oanda, (Doc. 119), and an affidavit in support, (Doc. 121). On February 23, 2023, counsel for Oanda filed an appearance and requested that I grant it until March 10, 2023, to submit a response to Plaintiff's motion for default judgment. (Doc. 124.) On February 24, 2023, I granted its request. (Doc. 126.) On March 10, 2023, Oanda filed a motion to dismiss the complaint, (Doc. 130), along with a memorandum of law, (Doc. 131), and a declaration in support, (Doc. 132). On March 27, 2023, Plaintiff filed an opposition to Oanda's motion to dismiss. (Doc. 134.) Oanda did not file a reply in support of its motion to dismiss.

### III. Legal Standards

#### A. *Rule 12(b)(1)*

"Determining the existence of subject matter jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (cleaned up), *aff'd*, 561 U.S. 247 (2010); *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (describing subject matter jurisdiction as the "threshold question"). "While a district court resolving a motion to dismiss

4

under Rule 12(b)(1) 'must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction,' 'where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits,' in which case 'the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.'" *Id.* (quoting *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014)).

### B. *Pro Se Litigant*

A "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "While the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest, a pro se plaintiff still bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Logan v. Town of Windsor, New York*, 833 F. App'x 919, 920 (2d Cir. 2021) (cleaned up). Further, dismissal of a pro se complaint is appropriate where a plaintiff fails to state a plausible claim supported by more than conclusory allegations. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). In other words, "the duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (cleaned up).

## IV. Discussion

### A. *Brauer's Motion to Dismiss*

Brauer seeks dismissal on the grounds that he is protected by Eleventh Amendment immunity. (Doc. 67 at 6.) "The Eleventh Amendment confirms that states, state entities, and state officials acting in their official capacities have sovereign immunity from suit." *Kelly v. New York State Unified Ct. Sys.*, No. 21-1633, 2022 WL 1210665, at *1 (2d Cir. Apr. 25, 2022). The three exceptions to this rule occur when: (1) a State waives its Eleventh Amendment immunity, *Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999); (2) Congress abrogates the immunity of the States by acting pursuant to a grant of constitutional authority, *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 80 (2000); and (3) a suit seeks prospective injunctive relief from a state official, *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 73 (1996). District courts may dismiss cases for lack of subject matter jurisdiction if the Defendant is immune from suit pursuant to the Eleventh Amendment. *Gasparik v. Stony Brook Univ.*, 296 F. App'x 151, 152 (2d Cir. 2008) (affirming District Court's dismissal of an immune party for lack of subject matter jurisdiction.) Such a determination is a threshold issue "that must be decided before proceeding to the merits of a given case." *Springfield Hosp., Inc. v. Guzman*, 28 F.4th 403, 416 (2d Cir. 2022).

Plaintiff sues Brauer in his official capacity as an assistant attorney general for a failure to investigate his complaints against Oanda. As an assistant attorney general, Brauer enjoys Eleventh Amendment immunity. *See Wang v. Miller*, 356 F. App'x 516, 517 (2d Cir. 2009) (affirming dismissal of claims against an assistant attorney general for her actions in representing a state agency); *see also Coke v. Samalot*, No. 3:20-CV-00971 (VAB), 2021 WL 4034168, at *5 (D. Conn. Sept. 3, 2021) (dismissing claims against an assistant attorney general for lack of

subject matter jurisdiction). Plaintiff does not plead, nor is there evidence to suggest, that the state of Maryland waived immunity, Congress abrogated its immunity, or that Plaintiff seeks prospective injunctive relief. (*See generally* SAC.)

Additionally, although Plaintiff argues that he has a "clearly established right to receive protection from the government," (Doc. 72 at 5), "[i]t is well established that there is no constitutional right to an investigation by government officials." *Troy v. City of New York,* No. 13-CV-5082 (AJN), 2014 WL 4804479, at *6 (S.D.N.Y. Sept. 25, 2014) (cleaned up), *aff'd*, 614 F. App'x 32 (2d Cir. 2015) (summary order); *see also Williams v. Toto*, No. 20CV4593PKCVMS, 2021 WL 2351176, at *7 (E.D.N.Y. June 9, 2021); *Bernstein v. New York*, 591 F. Supp. 2d 448, 460, 465 (S.D.N.Y. 2008). Plaintiff did not have a right to an investigation by Brauer because whether or not to initiate an investigation falls within the scope of actions protected by absolute immunity. *Brady v. Schneiderman*, No. 15-CV-9141 (RA), 2016 WL 3906737, at *3 n.1 (S.D.N.Y. July 13, 2016) (citing cases), *aff'd*, 714 Fed. App'x 60 (2d Cir. 2018). Because Brauer has absolute immunity, his motion to dismiss is granted.

### B. *The Government's Motion to Dismiss*

The Government asserts that Plaintiff's claims against them should be dismissed for failure to exhaust administrative remedies. (Doc. 81 at 3.) The Federal Torts Claims Act ("FTCA") provides that an "action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing. . . ." 28 U.S.C. § 2675(a). Accordingly, under the FTCA it is a nonwaivable prerequisite to jurisdiction that a claimant first exhaust his administrative remedies. *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). "In the absence of such compliance, a district court has no

subject matter jurisdiction over the plaintiff's claim." *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987).

Plaintiff argues that he did exhaust his administrative remedies because "over the course of almost an entire 2 years . . . [he] repeatedly sent written complaints to the CFTC's official address." (Doc. 87 at 4.) Plaintiff incorrectly claims that a complaint, a grievance, and an administrative claim "are all essentially the same thing." (*Id.* at 5.) To exhaust one's administrative remedies requires more than simply airing grievances or sending letters. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 190 (2d Cir.1999) (finding that letters to the Smithsonian demanding the return of artwork that did not include a claim for a sum certain "did not constitute the filing of a formal administrative claim for FTCA purposes"), *abrogated on other grounds by Casella v. United States*, 642 F. App'x 54 (2d Cir. 2016).

Further, although Plaintiff states that since filing his amended complaint, he has filed an administrative claim, (Doc. 100), a failure to exhaust ones' administrative remedies cannot be cured after the fact. *Grancio v. De Vecchio,* 572 F. Supp. 2d 299, 310 (E.D.N.Y. 2008) (citing *McNeil v. United States,* 508 U.S. 106, 113 (1993)) ("Because this requirement is jurisdictional, the subsequent denial of an administrative claim cannot cure a prematurely filed action"); *Liriano v. ICE/DHS*, 827 F. Supp. 2d 264, 269 (S.D.N.Y. 2011) ("The requirement that prematurely filed FTCA claims be dismissed holds even when . . . the FTCA claims would be ripe if re-filed at the date of the court's decision"); *Tarafa v. B.O.P. MDC Brooklyn*, No. 07CV00554(DLI)(LB), 2007 WL 2120358, at *3 (E.D.N.Y. July 23, 2007) ("Although it is this court's view that dismissing [plaintiff's] FTCA claim and requiring him to re-file is the ultimate exercise of form over substance, this court must dismiss [plaintiff's] FTCA claim under the Supreme Court's dictates in McNeil." (cleaned up)). Accordingly, because Plaintiff failed to

exhaust his administrative remedies before filing this suit, I do not have subject matter jurisdiction and the Government's motion to dismiss is granted.

### C. *Oanda's Motion to Dismiss*

In his second amended complaint, Plaintiff states that "against all other defendants named, Plaintiff brings 1) negligent infliction of emotional distress (NIED), 2) 5th and 14th Amendment violations, 3) tortious interference with business relations and economic advantage, 4) intentional infliction of emotional distress, 5) unfair business practices, 6) negligence, 7) gross negligence, 8) legal malpractice, 9) equal protection, 10) breach of fiduciary duty or duty of good faith, 11) breach of duty of care, and 12) any other claim which plaintiff previously stated which is not stated here, and which Court finds it would be in the interest of justice to add." (SAC at 3.) Oanda seeks to dismiss Plaintiff's second amended complaint on the grounds that "Plaintiff does not articulate any facts or theories that could support [his] causes of action." (Doc. 131 at 2.) Oanda is correct that the second amended complaint is devoid of the factual allegations necessary to maintain a claim and accordingly its motion to dismiss is granted.

Generally, a court should not dismiss a pro se complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999). However, Plaintiff has already been allowed to amend his complaint twice and still has not pled facts that are sufficient to support any of the eleven causes of action he lists. In my Order granting Plaintiff permission to file his second amended complaint, I specifically "directed [Plaintiff] to ensure that this amended complaint includes everything that [he] hoped to change from his original complaint, as reflected by his many letters," I also "warned that it is unlikely that he will have another opportunity to amend." (Doc. 26.) Despite this instruction and

9

warning, the only relevant factual assertions in the second amended complaint are that Defendants "with[held] [Plaintiff's] investment funds and fail[ed] to direct those funds as directed for appx. 3 years." (SAC at 1.) Even considering Plaintiff's earlier filings, neither the original complaint, (Doc. 2), or amended complaint, (Doc. 22), contain any additional useful detail. Although the complaint of a pro se Plaintiff is subject to a more liberal reading, I "cannot invent factual allegations that [plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). Accordingly, Oanda's motion to dismiss is granted and I do not grant Plaintiff leave to file a third amended complaint.

### V.     Conclusion

For the foregoing reasons, because I lack subject matter jurisdiction, the motions to dismiss filed by Defendant Max Brauer and the Government are GRANTED. In addition, because the second amended complaint is devoid of the factual allegations necessary to maintain a claim against Oanda, Oanda's motion to dismiss is GRANTED. The Clerk of the Court is respectfully directed to terminate all pending gavels, mail a copy of this Order to the pro se Plaintiff, and close the case.

SO ORDERED.

Dated: July 12, 2023
     New York, New York

                                          _____
                                          Vernon S. Broderick
                                          United States District Judge